**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Steven Snyder and Karleen Snyder,<br><br>    Plaintiffs,<br><br>v.<br><br>CMRE Financial Services, Inc.; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: 4:14-cv-40132<br><br>**COMPLAINT** |

For this Complaint, the Plaintiffs, Steven Snyder and Karleen Snyder, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiffs, Steven and Karleen Snyder ("Plaintiffs"), are persons residing in Upton, Massachusetts.

4. Defendant CMRE Financial Services, Inc. ("CMRE"), is a California business entity with an address of 3075 East Imperial Highway, #200, Brea, California 92821, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by CMRE and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. CMRE at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. An individual other than the Plaintiffs (the "Debtor") allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to CMRE for collection, or CMRE was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. CMRE Engages in Harassment and Abusive Tactics**

11. Within the last year, CMRE contacted Plaintiffs in an attempt to collect the Debt from the Debtor.

12. During the initial conversation, CMRE informed Plaintiffs that the call was regarding a hospital debt allegedly incurred by the Debtor "Wayne Novell". Plaintiffs informed CMRE that they had no knowledge of the Debtor and requested that CMRE cease calling them attempting to reach this person.

13. Despite Plaintiffs' request and the knowledge that the Debtor could not be reached at Plaintiffs' number, CMRE continued to harass Plaintiffs with calls.

14. The repeated calls caused Plaintiffs significant inconvenience.

C. **Plaintiffs Suffered Actual Damages**

15. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiffs in regards to the Debtor's debt on numerous occasions, without being asked to do so.

19. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

21. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22. The Plaintiffs are entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 15, 2014

                                                  Respectfully submitted,

                                                  By   /s/ Sergei Lemberg

                                                  Sergei Lemberg (BBO# 650671)
                                                LEMBERG LAW L.L.C.
                                                1100 Summer Street, 3rd Floor
                                                Stamford, CT 06905
                                                Telephone: (203) 653-2250
                                                Facsimile:  (203) 653-3424
                                                Attorneys for Plaintiffs